# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VELASQUEZ, | )  1:06 CV 0241 AWI WMW HC |
| | ) |
| | )  FINDINGS AND RECOMMENDATIONS RE |
| | )  PETITION FOR WRIT OF HABEAS CORPUS |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| BERNIE ELLIS, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

## PROCEDURAL HISTORY

A jury in the Central District of California found Petitioner guilty of conspiring to distribute methamphetamine, possessing methamphetamine with intent to distribute, and using a firearm in relation to a drug trafficking crime.   The trial court sentenced Petitioner to a 240 month mandatory minimum sentence on his two drug convictions plus a consecutive five year term for the gun count.

On July 8, 1998, Petitioner filed a motion to correct or vacate sentence pursuant to 28 U.S.C. § 2255.   The district court denied this motion because it was filed outside the one year

1

1  statute of limitations for § 2255 motions.   Petitioner now seeks to challenge his sentence

2  pursuant to § 2241, claiming various defects in the proceedings which led to the finding that he

3  had a qualifying prior conviction.  He argues that the prior conviction was not a qualifying felony

4  drug offense under Taylor v. United States, 495 U.S. 575 (1990), that  he never went to prison,

5  and that he was only 16 years old when he committed this offense.

6  **LEGAL STANDARD**

7          A federal prisoner who wishes to challenge the validity or constitutionality of his

8  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

9  under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v.

10 Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

11 Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing

12 court has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a

13 federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28

14 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at

15 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

16         In contrast, a federal prisoner challenging the manner, location, or conditions of that

17 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

18 Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,

19 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United

20 States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79

21 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.

22 United States, 610 F.2d 672, 677 (9th Cir. 1990).

23         A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*

24 he can show that the remedy available under § 2255 is "inadequate or ineffective to test the

25 validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United

26 States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has

27 recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003)

28 (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by

1   motion to demonstrate that § 2255 is inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054,

2   1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions

3   does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a

4   court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.

5   Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a

6   petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams

7   v. Heritage, 250 F.2d 390 (9th  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see,

8   United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of

9   § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden

10  is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United

11  States, 315 F.2d 76, 83 (9th Cir. 1963).

12  **DISCUSSION**

13          Respondent contends that this court has no jurisdiction to consider the merits of the

14  present § 2241 petition because Petitioner  cannot make the required showing that § 2255 is

15  inadequate or ineffective to test the validity of his detention.  Specifically, Respondent contends

16  that Petitioner cannot make the showing required under Ivy of actual innocence and  that he

17  never had the opportunity to raise the claim by motion, so as to demonstrate that § 2255 is

18  inadequate or ineffective.  As Respondent explains, Petitioner does not claim that he did not

19  possess heroin for sale in 1990.  He only argues that the procedure the government used to

20  establish the validity of this prior were invalid.   The court finds, therefore, that Petitioner is not

21  claiming that he is actually innocent.   Further, it is clear that Petitioner could have raised his

22  claims in his direct appeal or in his prior § 2255 motion.  Accordingly, the court must conclude

23  that Petitioner has failed to make the required showing that § 2255 is inadequate or ineffective to

24  test the validity of his detention.

25          Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

26  1)       that this petition for writ of habeas corpus be DISMISSED for lack of jurisdiction;

27  2)       that the Clerk of the Court be directed to enter judgment for Respondent and to close this

28          case.

1    These Findings and Recommendation are submitted to the assigned United States District

2  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

3  the Local Rules of Practice for the United States District Court, Eastern District of California.

4  Within thirty (30) days after being served with a copy, any party may file written objections with

5  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

6  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

7  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the

8  objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

9  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may

10  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

11  1991).

12  IT IS SO ORDERED.

13  **Dated:    January 16, 2008**                    **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE