# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VELASQUEZ,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>BERNIE ELLIS,<br><br>　　　　　　　Respondent. | 1:06 CV 0241 AWI WMW HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DISMISSING PETITION<br><br>[Doc. 15, 16] |

　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　　On January 16, 2008, the Magistrate Judge filed findings and recommendations herein. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days.  Petitioner filed objections on February 14, 2008.

　　　In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case.  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.  In a particular, the court

rejects Petitioner's contention that the decision in <u>Lopez v. Gonzalez</u>, 127 S.Ct. 625 (2006) entitles him to modification of his sentence.  <u>Lopez</u> addressed the classification of crimes under the Immigration and Nationality Act ("INA"), and held that conduct classified as a felony under state law but as a misdemeanor under the federal Controlled Substances Act is not a "felony punishable under the Controlled Substances Act" for INA purposes.  The present case does not involve the INA, thus <u>Lopez</u> has no application.

In addition, Petitioner's cite to <u>Shepard v. United States</u>, 544 U.S. 13 (2005), is similarly unhelpful.  <u>Shepard</u> held that an inquiry into the elements and facts underlying an offense is limited to the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant or to some comparable judicial record.  <u>Id</u>. at 544 U.S. at 26; <u>United States v. Hollis</u>, 490 F.3d 1149, 1157 (9th Cir. 2007).   This case does not involve the judicial fact-finding implicated in <u>Shepard</u>.    Petitioner's prior conviction under California Health and Safety Code § 11351 categorically qualified as a drug trafficking offense.  See <u>United States v. Morales-Perez</u>, 467 F.3d 1219, 1222-23 (9th Cir. 2006) (holding that a conviction under California Health & Safety Code § 11351.5 categorically qualifies as a drug trafficking offense).

Based on the foregoing, it is HEREBY ORDERED  that:

1)	The findings and recommendations entered January 16, 2008, are ADOPTED in full;

2)	This petition for writ of habeas corpus is DISMISSED for lack of jurisdiction; and

3)	The Clerk of the Court is directed to enter judgment for Respondent and to close this case.


IT IS SO ORDERED.

**Dated:     February 25, 2008**	           **/s/ Anthony W. Ishii**
	             UNITED STATES DISTRICT JUDGE

2