# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VELASQUEZ, | 1: 06 CV 00241 AWI  WMW HC |
| Petitioner, | ORDER DENYING MOTION FOR STAY |
| v. | ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY |
| BERNIE ELLIS, | [Documents #20 & #21] |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  On February 6, 2008, the court granted Respondent's motion to dismiss and entered judgment in this case.  On March 19, 2008, Petitioner filed a request for a certificate of appealability.  Also on March 19, 2008, Petitioner filed a motion to stay his request for a certificate of appealability pending resolution of a case now pending before the United States Supreme Court.

No procedural mechanism exists for this court to "stay" Petitioner's request for a certificate of appealability.  Pursuant to 28 U.S.C. § 2107(a), parties must file notices of appeal within 30 days of the entry of the judgment being appealed.  Bowles v. Russell, - U.S. -,127 S.Ct. 2360, 2363 (2007).  "District courts have limited authority to grant an extension of the 30-day time period." Id. While Rule 4(a)(5) of the Federal Rules of Appellate Procedure allows the court to grant up to 30 additional days in which to file a notice of appeal, Plaintiff is not asking for a mere thirty day

continuance.  Rather, Plaintiff requests a stay until a Supreme Court case is decided, and this court cannot grant Petitioner such an indifeinte statey.  An appeal from the judgment of this court must proceed in a timely manner, and cannot be stayed to await a future decision of the Supreme Court. District courts have no authority to await a ruling by the Supreme Court before applying the binding authority.  See Yong v. I.N.S., 208 F.3d 1116, 1119-21 & n.2 (2000).  Accordingly, Petitioner's request for a stay must be denied.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).   Although no express request was made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate.  See Fed. R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997). The controlling statute in regard to certificates of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at

337-38. In the present case, the court finds that Petitioner has failed to carry his burden of making a substantial showing of the denial of a constitutional right.

Accordingly, the court ORDERS:

1. Petitioner's motion for a stay is DENIED; and
2. The court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   March 21, 2008**             /s/ Anthony W. Ishii
                                                              UNITED STATES DISTRICT JUDGE