UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **DANIEL VELASQUEZ**, | ) | 1:06-cv-241 AWI WMW (HC) |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| v. | ) | RECONSIDERATION/MOTION FOR |
| | ) | RELIEF UNDER RULE 60(b) |
| **BERNIE ELLIS,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Before the Court is a motion to reconsider by Petitioner.

*Background*

On March 3, 2006, Petitioner filed this petition for writ of habeas corpus. Petitioner was convicted of various drug related crimes and sentenced in the federal district court for the Central District of California. The Central District of California found that Petitioner had a prior California state law felony and enhanced Petitioner's sentence by 240 months pursuant to 21 U.S.C. §§ 841 and 851. Petitioner sought relief under *Shepard v. United States*, 125 S.Ct. 1254 (2005) and argued that the prior state law conviction for violation of California Health & Safety Code § 11351 was in reality a misdemeanor because he only served 68 days in county prison and was placed on probation for 36 months. Petitioner acknowledged that a 28 U.S.C. § 2255 petition had been denied by the Central District of California, but contended that he could not file a second § 2255 petition because *Shepard* does not fall under a new law or newly discovered evidence. Thus, Petitioner filed a § 2241 petition.

On January 16, 2008, the Magistrate Judge filed a Findings and Recommendation ("F&R") that recommended denying Petitioner's petition. The F&R found that Petitioner had failed to show that § 2255 was inadequate to test the validity of his detention.

On February 26, 2008, this Court overruled Petitioner's objections and adopted the F&R in full. The Court noted in part that Petitioner's § 11351 qualified as a drug trafficking offense.

Petitioner appealed. However, on November 18, 2008, the Ninth Circuit denied Petitioner a certificate of appealability and denied all motions.

On September 29, 2011, Petitioner filed a motion for reconsideration/motion for relief under Rules 60(b)(4), (5), and (6). In his motion for reconsideration, Petitioner makes similar arguments as those made in his original petition, but argues that the recent Supreme Court case of *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010) entitles him to relief. He argues that he is actually innocent of having committed a prior felony and that the 20 year enhanced sentence under 21 U.S.C. §§ 841 and 851 is improper.

*Resolution*

Reconsideration is not appropriate. Because Petitioner is challenging the legality of his sentence, 28 U.S.C. § 2255 is the proper procedural mechanism. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). However, Petitioner has previously filed a § 2255 and has not met the criteria for filing a second § 2255 petition. See 28 U.S.C. § 2255(h). This precludes the Court from granting Petitioner relief under § 2255. See United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).

Nevertheless, under the § 2255 "escape hatch," a prisoner may file a petition under 28 U.S.C. § 2241 if the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C § 2255(e); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). The escape hatch applies when the prisoner makes a claim of actual innocence and has not had an unobstructed procedural shot at presenting his claim. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); Harrison, 519 F.3d at 959. Actual innocence means "factual innocence," and "a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." Marrero, 682 F.3d at 1192.

1  Here, Petitioner has not shown actual innocence. First, it appears that Petitioner is basing his
2  claim on a non-capital sentencing enhancement. Petitioner does not argue that he is actually
3  innocent of his federal conviction. Thus, *Marrero* indicates that Petitioner's theory is not
4  cognizable. See Marrero, 682 F.3d at 1192-95; see also Nixon v. Farley, 2012 U.S. Dist. LEXIS
5  59753, *11-*13 (N.D. Ohio Apr. 30, 2012); Hamberlin v. Longley, 2012 U.S. Dist. LEXIS 5852, *4
6  (S.D. Miss. Jan. 17, 2012).

7  Second, Petitioner admitted that he was convicted in 1990 for violation of California Health
8  & Safety Code § 11351.[1] In 1990, that statute read:

> Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale (1) any controlled substance specified in subdivision (b), (c), or (e) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b), (c), or (g) of Section 11055, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, *shall be punished by imprisonment in the state prison for two, three, or four years.*

Cal. Health & Saf. Code § 11351 (1990 ed.) (emphasis added). A "felony drug offense" for purposes
of 21 U.S.C. § 841 is "a state drug offense punishable by more than one year . . . even if state law
classifies the offense as a misdemeanor." Burgess v. United States, 553 U.S. 124, 126-27 (2008).
Since the sentence mandated by § 11351 in 1990 was greater than one year in prison, Petitioner's
§ 11351 conviction is a "felony drug offense." See Brown v. United States, 2012 U.S. Dist. LEXIS
56008, *53-*55 (E.D. Cal. Apr. 19, 2012); see also Howard v. United States, 2012 U.S. Dist. LEXIS
121911, *6-*7 (M.D. Fla. Aug. 28, 2012). That Plaintiff only served 68 days in county prison and
was placed on probation for 36 months for violating § 11351 does not change the result. Cf.
Robinson v. United States, 967 F.2d 287 (9th Cir. 1992);[2] see also Howard, 2012 U.S. Dist. LEXIS
121911 at *6-*7 (holding that the petitioner's conviction for a third degree felony that was

---

[1] The Court notes that Petitioner has never contended that he is factually innocent of the § 11351 conviction.

[2] In Respondent's response to Petitioner's original petition, it cited *United States v. Cinwesa-Salguero*, 990 F.2d 1261 (9th Cir. 1993). As respondent acknowledges, this is an unpublished case and is not considered precedential. However, the Court agrees with Respondent that *Cinwesa-Salguero*'s analysis is otherwise on-point and persuasive. *Cinwesa-Salguero* relied on *Robinson* to hold that, even though a defendant received a sentence of probation for violation of the 1987 version of § 11351 (which was materially identical to the 1990 version), the conviction was considered a prior felony drug offense for purposes of 21 U.S.C. §§ 841 and 851. See United States v. Cinwesa-Salguero, 1993 U.S. App. LEXIS 7518 (9th Cir. Apr. 2, 1993). The Ninth Circuit particularly noted that § 11351 did not provide for a statutory option of making that offense a misdemeanor. See id. at *9-*11.

punishable by up to 5 years in prison was sufficient to support enhancement under 21 U.S.C. § 851 even though the petitioner received only probation).

Therefore, Petitioner has failed to show that reconsideration is warranted.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is DENIED and this case remains CLOSED.

IT IS SO ORDERED.

Dated:   September 27, 2012

CHIEF UNITED STATES DISTRICT JUDGE